EL PUEBLO *v.* BATTISTINI.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 1.—Resuelto en febrero 10, 1904.

NOMBRAMIENTO DEL JUEZ SENTENCIADOR.—Cuando de los autos no apareciere por quién y en qué forma se hiciera el nombramiento del juez que interviniera en el juicio, ha de presumirse que tal nombramiento se ha hecho por autoridad competente y con arreglo a ley.

JUECES DE FACTO—VALIDEZ DE SUS ACTOS.—Si el nombramiento de un juez que hubiere intervenido en el juicio de una causa, no se hubiere hecho con arreglo a ley, tal juez lo sería *de facto,* y si su intervención no hubiere sido impugnada por ninguna de las partes, sus actos como tal juez *de facto,* serían válidos y no podrían ser atacados esencialmente en un procedimiento colateral.

PLIEGO DE EXCEPCIONES—EXPOSICIÓN DE HECHOS.—No habiendo en los autos pliego de excepciones, ni exposición de hechos, el Tribunal Supremo carece (*) de base para apreciar los hechos que sirvieran de fundamento a una declaración de culpabilidad.

TESTIGO DE CARGO—INDEFENSIÓN.—El hecho de que el tribunal inferior prescinda de la declaración de un testigo de cargo, no puede constituir indefensión para el acusado, pues es al Pueblo de Puerto Rico a quien compete obtener su declaración.

DOCUMENTO PRIVADO—FALSEDAD.—El artículo 1193 del Código Civil no es aplicable a un caso en que se impute falsedad o simulación de un documento privado.

IMPOSTURA—SUS ELEMENTOS.—Los elementos que integran el delito de impostura, previsto en el artículo 470 del Código Penal, son cuatro: 1, que el agente obre a sabiendas e intencionalmente; 2, que se valga de falsas simulaciones; 3, que esas falsas simulaciones sean fraudulentas; 4, que se defraude dinero o bienes a otra persona.

ID.—ACUSACIÓN—INTERVENCIÓN.—El primer elemento a que se refiere el párrafo anterior no es necesario consignarlo en la acusación, pues la intención se manifiesta por las circunstancias del delito y el sano juicio y discreción del acusado, y la intención maliciosa y criminal se presume por la manera y deliberación con que se intente o cometa un acto ilegal con el fin de perjudicar a otro.

ID.—Los otros tres elementos que integran el delito previsto en el artículo 470 del Código Penal, deben ser alegados en la acusación.

ID.—FRAUDE O ENGAÑO.—La simulación, además de ser falsa, debe ser fraudulenta, es decir, usando fraude o engaño, que consiste en la ingeniosa sagacidad empleada por el agente para seducir al que intenta perjudicar, obsecando su inteligencia o perturbando su voluntad por las sugestiones astutas de que es objeto.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. Alvarez Nava.

Abogado del apelado: Sr. del Toro, Fiscal.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la siguiente opinión del tribunal:

El caso sometido a la decisión de esta Corte Suprema, es un recurso de apelación interpuesto por Pedro Simón Battistini contra sentencia del Tribunal de Distrito de Ponce, que le condenó, como autor del delito de impostura, a la pena de un año de presidio con trabajos forzados, que extinguiría en la Penitenciaría de esta Isla, y al pago de las costas causadas en el juicio, con devolución, a su legítimo dueño, de las alhajas (*) en que fué defraudado. El Fiscal del Distrito de

Ponce, con fecha tres de septiembre de mil novecientos dos, en nombre de El Pueblo de Puerto Rico, formuló acusación contra Pedro Simón Battistini, como autor del delito grave de impostura, comprendido en el artículo 470 del Código Penal, que relata en los términos siguientes:

"Pedro Simón Battistini recibió del menor Rafael Torruella, para garantizar un préstamo de ciento ochenta dollars, consignado en un pagaré firmado por Torruella, a la orden de Manuel Coll, y endosado por éste a Battistini, una sortija de oro con un zafiro y dos brillantes, dos dormilonas de brillantes y un alfiler de corbata con brillantes, de valor superior a cincuenta dollars, exigiendo Battistini a Torruella que otorgara un vendí de dichas alhajas a favor de Coll, quien luego otorgó nuevo vendí de las mismas a favor de Battistini; y éste, prevalido de la simulación del contrato expresado, que hacía aparecer un contrato de prenda como de venta, se ha negado a devolver las alhajas a los familiares de Torruella, no obstante habérsele ofrecido el pago de los ciento ochenta dollars que garantizan."

Celebrado el juicio oral, en sesiones que tuvieron lugar en los días veinte y seis de noviembre, cuatro y cinco de diciembre del año ya expresado, de las que se extendieron las correspondientes actas, sin que se formulara otra protesta, que una hecha en la segunda de dichas sesiones, por haber desestimado el tribunal, como innecesaria, la declaración de Doña Isabel Cortada, el mencionado tribunal, del que formaba parte el Juez Suplente, Don Nemesio R. Canales, sin que conste por quién y en qué forma se hizo su nombramiento, dictó sentencia, por mayoría de votos, en seis de diciembre citado, en que, estimando probados los hechos que fueron objeto de la acusación y calificando esos hechos de delito grave de impostura, condena a Battistini a la pena de que se deja hecho mérito.   Contra esa sentencia el Letrado defensor del reo interpuso recurso de apelación, alegando como motivos los siguientes: (*)

1. No haberse tenido en cuenta al dictar el fallo condenatorio el precepto del artículo 252 del Código de Enjuicia-

miento Criminal, toda vez que habiéndose presentado, entre las pruebas, un documento firmado por Rafael Torruella, mediante el cual éste vende a Manuel Coll las alhajas, de cuya defraudación es acusado Battistini, se da por supuesto que dicha firma de Torruella fué obtenida por medio de supercería, y se declara convicto a Battistini por la sola declaración de Manuel Coll, no acompañada por circunstancias corroborantes y sin mediar en la supuesta supercería, firma o letra del acusado.

2. Haberse también prescindido en el fallo, de la regla absoluta del artículo 253 del mencionado Código, por cuanto confesando Manuel Coll una participación en el delito, que por lo menos le da el carácter de cómplice en la comisión del mismo, se declara sin otra prueba, convicto a Battistini, no siendo independiente del testimonio del cómplice, la prueba de los testigos de cargo, ya que éstos sólo saben de los hechos, por referencia de Coll.

3. Haberse prescindido igualmente del precepto del artículo 239 del Código de Enjuiciamiento Criminal, pues confesándose Manuel Coll ante el juez de paz, autor o cómplice, al menos, del delito perseguido, se le ha excluído del juicio para servir de testigo al poder público antes de habérsele acusado como procedía, resultando así, por la fuerza del precepto contenido en el artículo 241 del propio Código, que el culpable manifiesto queda impune y condenado el culpable dudoso o verdadero inocente.

4. Haberse infringido la 6ª. de las enmiendas a la Constitución de los Estados Unidos de América, por haberse prescindido de traer al juicio a declarar a la testigo de cargo, Doña Isabel Cortada, imposibilitando de ese modo, a pesar de (*) la protesta del acusado, el careo de éste con aquélla, no habiéndosele careado tampoco con testigo alguno.

5. Haberse prescindido del precepto del artículo 1193 del Código Civil, relacionado íntimamente con el Código Penal, en el presente caso, al desconocerse la fuerza probatoria de

los documentos de venta de las alhajas, entre las partes del contrato o sea entre Coll y Battistini y Coll y Torruella.

6. Haberse prescindido del testimonio especial de Don Rafael Torruella, que es la parte perjudicada por el hecho punible, en el caso de que fuera cierta su comisión, por ser el propietario de las alhajas, según confesó ante el juez de paz, su madre, la denunciante, Doña Isabel Cortada.

Admitido el recurso de apelación, fueron elevadas a esta Corte Suprema las correspondientes copias certificadas de las actas del juicio, en las cuales no consta el detalle o expresión de las declaraciones de los testigos, ni que fuera propuesto como tal para su examen Don Rafael Torruella, ni que se denegara diligencia alguna de prueba, fuera de la declaración de Doña Isabel Cortada, no habiéndose presentado además pliego alguno de excepciones. Habiéndose dado al recurso la tramitación debida, la representación del apelante, al evacuar el trámite de instrucción, además de reproducir los motivos ya expuestos en la interposición del recurso, alegó los siguientes, en apoyo de la revocación del fallo:

1. Que de lo actuado no resulta, ni tampoco se alega, que Battistini obrara con intención de defraudar a persona alguna.

2. Que en la causa no existe alegación ni prueba demostrativa de que en el acto de verificarse la operación o contrato entre Torruella y Battistini, supiera éste que aquél era menor de edad.

3. Que de la acusación y pruebas no resulta que Battistini se valiera de falsas simulaciones, ni de medios fraudulentos (*) para conseguir de Torruella las alhajas de que se trata, circunstancias necesarias en el presente caso para que el hecho sea constitutivo de delito.

4. Que expresando, como expresa, el artículo 470 del Código Penal, que se comete delito por la persona que a sabiendas e intencionalmente, valiéndose de falsas o fraudulentas simulaciones, defraudare a otro dinero o bienes, no ha po-

dido ser condenado Battistini, por no haberse acreditado tales circunstancias. El Fiscal impugnó el recurso, por estimar que la sentencia recaída es justa y contener los hechos declarados probados todos los requisitos que la ley exige, para que sean castigados como delito de impostura, solicitando, en su consecuencia, fuera declarado sin lugar con las costas al recurrente.

Señalado día para la vista, hubo de suspenderse ésta por haber presentado el abogado de Battistini una moción para que se declarara nula y sin ningún valor ni efecto, la acusación que dió origen a la causa, por el fundamento de que en dicha acusación no se expresaba hecho alguno que constituya delito, con arreglo a las leyes de Puerto Rico, a cuyo fin alegó:

1. Que la acusación no expresa que Battistini, al ejecutar los actos de que se le acusa, lo hiciera con intención de defraudar a Rafael Torruella o a cualquiera otra persona.

2. Que tampoco expresa la acusación que en la época en que tuvo lugar la transacción entre Battistini y Torruella, supiera el primero que el segundo era menor de edad.

3. Que en la acusación no se alega que Battistini hiciera a Torruella representaciones falsas o fraudulentas, con objeto de defraudarle en el valor de alguna cosa.

4. Que habiéndose presentado la acusación de conformidad con el artículo 470 del Código Penal, resulta que las alegaciones (*) contenidas en la misma demuestran que los hechos en que se funda no constituyen delito alguno, con arreglo al texto legal citado.

5. Que los hechos expresados en la acusación, caso de ser ciertos, darían derecho a Torruella a entablar una demanda civil para anular el pagaré u otro documento firmado por él y recobrar la posesión de las alhajas. Semejante moción, a la que se opuso el Ministerio Fiscal, fué desestimada por esta corte, sin perjuicio de que la representación de Battistini pudiera alegar en el acto de la vista cuanto estimara conducente a la defensa de su derecho, habiéndose celebrado ese

acto con asistencia del Ministerio Fiscal y del Letrado ·del acusado.

Además de los fundamentos en que se .apoya la defensa del recurrente, hay otro que por el tribunal ha sido traído a debate, cual es el de si la. intervención de un Juez Suplente, en el presente juicio, vicia de nulidad el procedimiento y el fallo pronunciado. Como en autos no consta por quién ni en qué forma se hizo el nombramiento de dicho Juez Suplente, es de presumirse que fué hecho por autoridad competente y con arreglo a ley, pero aunque así no fuera, es punto incuestionable que si el Juez Suplente, de que se trata, no lo fué *de jure,* lo fué *de facto,* sin contradicción de las partes, y es doctrina establecida por diversas Cortes Supremas de varios Estados de la Union, y aun por la misma Corte Suprema de los Estados Unidos, que los actos de un juez *de facto* son válidos y no pueden ser sustancialmente impugnados en procedimientos colaterales. Esa doctrina fué expuesta y robustecida con gran acopio de decisiones por el Hon. Juez Mac-Leary de esta Corte Suprema, en el caso criminal de *El Pueblo de Puerto Rico* v. *Hobart S. Bird,* por injuria y calumnia, por más que no le diera entonces aplicación, por tratarse de un caso que había de resolverse con arreglo a los Códigos Penal y Procesal antiguos, y en armonía, por tanto, con la (*) jurisprudencia establecida por el Tribunal Supremo de España, que es contraria a la jurisprudencia americana.

No puede, pues, atacarse de nulidad el juicio seguido contra Battistini. Entrando ahora en el examen de los motivos de apelación alegados en el escrito de interposición del recurso ante la Corte de Distrito de Ponce, desde luego cabe afirmar que tales motivos carecen de base para que pueda dárseles valor legal. El artículo 252 de la Ley de Enjuiciamiento Criminal no puede haber sido infringido en el fallo recurrido, pues éste no expresa que la firma de Torruella, en el documento de venta de las alhajas a Manuel Coll, fué obtenido por medio de superchería; y además, como se ignora el

detalle o expresión de las pruebas que se practicaron en el juicio, pues en las actas de éste no consta, ni tampoco se ha presentado pliego alguno de excepciones, esta Corte Suprema no puede apreciar si Battistini fué declarado convicto de los hechos de que fué acusado, por la sola declaración de Manuel Coll, sin otros méritos que la corroboraran. Tampoco es dable afirmar que la convicción de Battistini se haya derivado únicamente de la declaración de Manuel Coll, cuyo contenido se ignora, como también se ignora si la declaración de Coll, en su caso, fué confirmada o no por las demás pruebas practicadas, pues falta pliego de excepciones que demuestre esos particulares, y las actas del juicio, por lo deficientes que son, no pueden suplir la falta de dicho pliego.

Los artículos 239 y 240 del Código de Enjuiciamiento Criminal, que también se suponen infringidos, no son atinentes al caso de autos, pues Manuel Coll, cuya declaración no se encuentra en autos, no fué excluído del juicio con objeto de que sirviera como testigo del poder público, y consta, por el contrario, que tal exclusión no pudo tener lugar por faltar términos hábiles para ello, toda vez que no fué incluído en la misma acusación que Battistini. La 6ª., o más bien la 8ª., de (*) las enmiendas a la Constitución de los Estados Unidos de América, que igualmente se presume infringida, no lo ha sido, en cuanto es aplicable a esta Isla o en la parte que guarda congruencia con el artículo 11 del Código de Enjuiciamiento Criminal, pues todos los testigos que han declarado en el juicio han dado su testimonio en presencia del acusado, y ningún careo ha sido denegado, habiendo disfrutado Battistini de todos los derechos que le otorga el artículo citado. El hecho de haberse prescindido por la corte sentenciadora de la declaración de la testigo Doña Isabel Cortada, que solicitó el acusado, no arguye indefensión, pues tal declaración, según indica la parte recurrente, no era de descargo, sino de cargo, y en ese concepto al Pueblo de Puerto Rico era a quien incumbía la presentación de dicha testigo, teniendo entonces

derecho el reo a repreguntarla y a carearse con la misma. La falta del testimonio de Don Rafael Torruella no puede ser invocada por el recurrente, pues no aperece que propusiera como prueba la declaración de ese testigo; y en cuanto al artículo 1193 del Código Civil, no es aplicable al presente caso, en que se ha contravertido si los documentos de venta de las alhajas entre Coll y Battistini y Coll y Torruella eran simulados, pudiendo el tribunal sentenciador, por el mérito combinado de todas las pruebas practicadas, estimar que tales documentos eran simulados. Respecto de los demás motivos de apelación, que como adición a los que se dejan expuestos fueron alegados ante esta Corte Suprema, guardan relación estrecha con los que sirvieron de fundamento a la moción para que se anulara la acusación; y todos ellos pueden sintetizarse en uno, o sea, en que los hechos expuestos en la acusación y declarados probados en la sentencia, no constituyen el delito grave de impostura definido y penado en el artículo 470 del Código Penal. Ese artículo dice textualmente:

"Toda persona que a sabiendas e intencionalmente, valiéndose de falsas y fraudulentas simulaciones, defraudare dinero o bienes a (\*) otra persona \* \* \* incurrirá en la pena señalada para el hurto de la cantidad de dinero o bienes así obtenida."

Como se ve, para que exista el delito de que se deja hecho mérito, son indispensables cuatro elementos que lo integran: 1, que el agente obre a sabiendas e intencionalmente; 2, que se valga de falsas simulaciones; 3, que esas falsas simulaciones sean fraudulentas; 4, que se defraude dinero o bienes a otra persona.

Que el acusado Pedro Simón Battistini obró a sabiendas e intencionalmente al ejecutar los hechos de que fué acusado, no era necesario que se expresara en la acusación, pues según el artículo 12 del Código Penal, la intención se manifiesta por las circunstancias relacionadas con el delito y el sano juicio y discreción del acusado, reputándose de sano juicio todos.

los que no sean idiotas, lunáticos o locos; y una intención maliciosa y criminal se presume por la manera y deliberación con que se intente o cometa un acto ilegal, con el propósito de perjudicar a otro. La sola lectura de la acusación formulada contra Battistini revela que obró a sabiendas e intencionalmente al ejecutar los hechos que se le imputan. Tampoco cabe duda de que el documento de venta de las alhajas, a favor de Coll, quien luego otorgó nuevo vendí a favor de Battistini, envolvía un contrato simulado de venta, por ser realmente un contrato de prenda, pues así lo ha apreciado el tribunal sentenciador, y en el acta del juicio no se han consignado pruebas que demuestren el error de tal apreciación, ni tampoco en apoyo de ese error ha venido a este tribunal pliego de excepciones. Hubo, pues, una falsa simulación en el documento de venta de las alhajas por Torruella a favor de Coll. Empero, no aparece que esa falsa simulación fuera también fraudulenta, es decir, que el documento simulado de venta de las alhajas se consiguiera de Torruella mediante fraude o engaño, pues éste consiste en la ingeniosa sagacidad empleada por el agente para seducir al que intenta perjudicar, obsecando (*) su inteligencia o perturbando su voluntad, por las sugestiones astutas de que es objeto; y en el escrito de acusación, cuyos hechos estima probados el tribunal sentenciador, no se consigna ningún acto de engaño o astucia que influyera en el ánimo de Torruella para firmar el vendí de las alhajas. Firmó el documento, pero no se indica que lo hiciera sugestionado por engaño alguno, ni que desconociera el acto que ejecutaba. Tampoco aparece que Battistini defraudara a Torruella, al negarse a la devolución de las alhajas, no obstante estar prontos los familiares de Torruella a entregarle la cantidad de los $180, cuyo pago garantizaban, pues si el vendí de las alhajas fué otorgado en garantía de ese pago, Torruella no tenía derecho a reclamar aquéllas, sino mediante la devolución del dinero prestado, según el artículo 1772 del Código Civil, si Battistini se negaba a acep-

tar el dinero, estaba aquél en la obligación de hacer su consignación, en la forma que previene el propio código, para que así hubiera quedado libre de la obligación que contrajo al firmar el pagaré, y en actitud legal para reclamar criminal o civilmente sus alhajas a Battistini. Los hechos, pues, de que se acusa a Pedro Simón Battistini, no constituyen el delito de impostura que prevée y castiga el artículo 470 del Código Penal, por no contener todos los elementos necesarios para integrar dicho delito, y en su consecuencia, procede se revoque la sentencia apelada, absolviéndose a Battistini con las costas de oficio y cancelándose la fianza que tiene prestada.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Sulzbacher y MacLeary.

El Juez Asociado Sr. Figueras no formó tribunal en la vista de esta causa. (*)

*Resuelto de conformidad.*

### OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. SULZBACHER.

El día diez y seis de diciembre del mil novecientos dos, Pedro Simón Battistini fué condenado en la Corte de Distrito de Ponce del crimen de impostura y sentenciado a un año de presidio con trabajos forzados. Aparece de los autos que la causa fué juzgada por el tribunal compuesto de Isidoro Soto Nussa, Carlos Franco Soto y Nemesio R. Canales, juez suplente. Este tribunal ha resuelto varias veces que cuando aparece algún error manifiesto en los autos que produzca la nulidad de la sentencia, debe, de oficio, tomarlo en consideración. Me parece que en esta causa se ha cometido un error de esta naturaleza, porque de los autos se desprende que formaba parte del tribunal sentenciador un juez suplente. En la causa de *Ex parte Herbert S. Bird,* por injurias y calumnias y resuelta por este tribunal el día quince de marzo del corriente año, expresé mi opinión sobre este asunto del modo siguiente:

"Las cortes de distrito tuvieron su origen en la sección 10 de la Orden General, número 118, que dice así:

"Cada tribunal de distrito se compondrá de tres jueces, entre los cuales uno será presidente y los cuales reunidos todos constituirán su sala de justicia para lo civil y criminal    *    *    *."

"La autoridad para nombrar jueces suplentes se deriva del artículo 94 de la misma orden, que dice así:

"Los tribunales nombrarán uno o más jueces suplentes para que sustituyan a los propietarios en los casos de vacante, ausencias o enfermedades.   Cada Fiscal nombrará también su suplente para iguales casos    *    *    *."

Por la sección 33 de la Ley de Congreso, titulada "Ley para proveer de rentas al Pueblo de Puerto Rico y para otros fines," aprobada en doce de abril de mil novecientos, se dejaron (*) subsistentes las cortes de distritos.   Dicha sección dice como sigue:

"Que el poder judicial residirá en las cortes y tribunales de Puerto Rico establecidos ya y en ejercicio    *    *    *    y por la presente se declaran subsistentes dichas cortes y tribunales    *    *    *. *Disponiéndose, sin embargo,* que    *    *    *    los jueces de las cortes de distrito serán nombrados por el Gobernador, con el concurso y consentimiento del Consejo Ejecutivo    *    *    *."

Aparece, por consiguiente, que dicha Ley del Congreso exige *especialmente,* que para ser juez de las cortes de distrito de Puerto Rico deben existir dos condiciones positivas y absolutas, a saber: que dichos jueces deben ser nombrados por el Gobernador, con el concurso y consentimiento del Consejo Ejecutivo, deduciéndose implícitamente, aunque indicando en realidad, que solamente aquellos que posean estas calificaciones y ningunos otros, pueden ser jueces de las cortes de distritos de Puerto Rico, e investidos con la jurisdicción de dicho tribunal.   Cualquiera que haya sido la ley

con respecto al nombramiento de jueces suplentes, vigente antes de la aprobación de la mencionada ley del Congreso de 12 de abril de 1900, quedó implícitamente derogada y abolida por esta última. Por lo tanto, soy de opinión de que siendo ésta una cuestión de jurisdicción, debe considerarse con preferencia a cualquiera otra, y que debe revocarse la sentencia de la Corte de Distrito de Ponce.